## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Lindsey Bunch, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| v. | ) | Case No: 17 C 50147 |
| | ) | |
| The University of Illinois College of | ) | |
| Medicine at Rockford, et al., | ) | |
| | ) | |
| *Defendants*. | ) | Judge Frederick J. Kapala |

### ORDER

Defendant's motion to dismiss [21] is granted. This case is closed.

### STATEMENT

Plaintiff, Lindsey Bunch, brought suit against defendants, The University of Illinois College of Medicine at Rockford ("UIC")[1] and "Unknown Medical Personnel," pursuant to 42 U.S.C. § 1983 and unidentified state laws. Before the court is UIC's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), (2) and (6). For the reasons that follow, the motion to dismiss is granted.

### I. BACKGROUND

The facts are taken from the allegations in the complaint. On March 10, 2015, plaintiff was an inmate at the Winnebago County Jail when unknown UIC medical personnel failed to administer certain medication to plaintiff. "[S]ome days after" plaintiff was not administered this medicine she was injured and experienced pain and suffering. Plaintiff has alleged no further facts regarding the events from which her claims arise. She initially sued the Winnebago County Jail, the County of Winnebago, and "Unknown Correctional Officers" on May 9, 2017, later amending her complaint to exclude Winnebago County Jail as a defendant. Plaintiff subsequently filed her "first amended complaint" on August 3, 2017, including only UIC and Unknown Medical Personnel as defendants.

### II. ANALYSIS

When deciding a defendant's motion to dismiss pursuant to Rule 12(b)(6), a court accepts all of the well-pleaded allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 618 (7th Cir. 2007). To state a claim under the Federal

---

[1] In its motion to dismiss, UIC points out that the appropriate entity to be sued is the Board of Trustees of the University of Illinois and not the University of Illinois College of Medicine. The court agrees. However, for the purposes of this motion, the court will refer to defendant as UIC.

Rules, a complaint at minimum must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). A complaint that "offers labels and conclusions or a formulaic recitation of the elements of a cause of action" or one that "tenders naked assertions devoid of further factual enhancement" is insufficient. Id. In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." Id. at 679. The Seventh Circuit has "interpreted Twombly and Iqbal to require the plaintiff to provide some specific facts to support the legal claims asserted in the complaint. The degree of specificity required is not easily quantified, but the plaintiff must give enough details about the subject-matter of the case to present a story that holds together." McCauley v. City of Chicago, 671 F.3d 611, 616 (7th Cir. 2011) (citation omitted). A party cannot expect the district court to invent legal arguments on its behalf. Cmty. Bank of Trenton v. Schnuck Mkts., Inc., No. 17-2146, 2018 WL 1737126, at *4 (7th Cir. Apr. 11, 2018).

### A. Statute of Limitations

"In actions filed pursuant to 42 U.S.C. § 1983, courts look to the statute of limitations for personal injury in the state where the injury occurred." Savory v. Lyons, 469 F.3d 667, 672 (7th Cir. 2006). "Illinois personal injury actions are subject to a two-year statute of limitations." Id. (citing 725 ILCS 5/13-202). "Section 1983 claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." Id.

In its motion to dismiss, UIC argues that it was not included as a defendant until August 3, 2017, when plaintiff filed the operative amended complaint. Because the injuries took place no more than "some days after" March 10, 2015, UIC maintains that the two-year statute of limitations had run by the time plaintiff included UIC in the suit. Plaintiff concedes that she did not include UIC until after the statute of limitations had run, but argues that because she filed her initial "complaint within the two year statute of limitations" she should be allowed to amend her complaint pursuant to Federal Rule of Civil Procedure 15(c) and that it would relate back to the date she filed her initial complaint. Plaintiff's claim as alleged, however, would have accrued on or "some days after" March 10, 2015. She did not file her initial complaint until May 9, 2017, more than two years later, and thus after the statute of limitations had run. Therefore, regardless of whether it relates back, plaintiff's claim is untimely.

Even if plaintiff's claim were timely, her amendments would not relate back to the initial filing date. The Seventh Circuit has held that

> the mistake clause of Rule 15(c)'s relation back provision permits an amendment to relate back only where there has been an error made concerning the identity of the proper party and where that party is chargeable with knowledge of the mistake, but it does not permit relation back where there is a lack of knowledge of the proper party.

Hall v. Norfolk S. Ry. Co., 469 F.3d 590, 596 (7th Cir. 2006). "[R]elation back on grounds of mistake concerning the identity of the proper party does not apply where the plaintiff simply lacks knowledge of the proper defendant." Id. Plaintiff has alleged no facts that could support an inference that there was merely an error concerning the identity of the proper party or that UIC is

2

chargeable with knowledge of any such error, so the August 3, 2017, amendments would not relate back to plaintiff's initial complaint. Plaintiff's claims against UIC are therefore time-barred.

The above analysis applies with equal force to the "Unknown Medical Personnel" who are clearly distinct from the "Unknown Correctional Officers" listed as defendants in the initial complaint. Plaintiff's mere lack of knowledge of the proper defendants would make any attempt to amend the complaint to include the proper defendants futile because the statute of limitations has run and plaintiff cannot satisfy the mistake requirement of Rule 15(c)(3). See King v. One Unknown Fed. Corr. Officer, 201 F.3d 910, 914 (7th Cir. 2000). In the interest of judicial economy, the court dismisses the complaint against the "Unknown Medical Personnel" as well. See Moser v. Universal Eng'g Corp., 11 F.3d 720, 723 (7th Cir. 1993) ("The inherent authority of the district court to dismiss a case sua sponte and control its docket is well established.").

### B. Section 1983 Liability

In her complaint, plaintiff alleges her constitutional rights were violated by unknown medical personnel while they were working in their capacity as employees of UIC, suggesting she intends to pursue a claim based on vicarious liability. Even if plaintiff's claim under § 1983 was not time-barred it would fail as to UIC because "there is no vicarious liability in a suit under section 1983." Lennon v. City of Carmel, 865 F.3d 503, 507-08 (7th Cir. 2017); see also Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 694 (1978). If an entity is to be liable for constitutional violations under § 1983, plaintiffs must allege some official policy that was the moving force behind the deprivation. See Teesdale v. City of Chicago, 690 F.3d 829, 833 (7th Cir. 2012). Plaintiff makes no reference to any official policy in her complaint, and her entire response to defendant's argument concerning vicarious liability states:

> Furthermore as to this argument, again there is a question of fact as to whether or not conditions or practices occurred that would subject UIC/the Board of Trustees to respondeat superior liability. Plaintiff has not had a chance to conduct discovery to determine if the facts exist to allege that UIC is responsible for the acts of its employees or agents with regards to its treatment of Plaintiff.

Plaintiff has thus conceded that she does not currently have a basis to allege whether UIC would be liable under this theory. A complaint must at least contain a "statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff's complaint, which "tenders naked assertions devoid of further factual enhancements," Iqbal, 556 U.S. at 678, and does not "give enough details about the subject-matter of the case to present a story that holds together," McCauley, 671 F.3d at 616, falls short of this pleading standard. The court will not craft plaintiff's arguments for her, see Cmty. Bank of Trenton, 2018 WL 1737126, at *4, and her § 1983 claim is dismissed.[2]

### C. Sovereign Immunity

Beyond issues of timeliness and insufficient pleading, UIC is a state agency and, as such, entitled to eleventh amendment immunity. See Kroll v. Bd. of Trs. of Univ. of Ill., 934 F.2d 904,

---

[2] Plaintiff has failed to plausibly plead an Eighth Amendment claim because she fails to allege that she "suffered from (1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent." Whiting v. Wexford Health Sources, Inc., 839 F.3d 658, 662 (7th Cir. 2016). Plaintiff's complaint states neither the elements of an Eighth Amendment claim nor facts that could support such a claim.

908 (7th Cir. 1991); Mays Gillon v. Bd. of Trs. of Univ. of Ill., No. 17 CV 4482, 2018 WL 905506, at *4 (N.D. Ill. Feb. 15, 2018) ("Because the University of Illinois is a state agency, it is shielded from liability under §§ 1981/1983 by the Eleventh Amendment."). For this reason, plaintiff's claim against UIC is also barred.

### D. State Law Claims

Plaintiff has not stated a claim under state law. She has alleged nothing more than that she also brings her claim under unidentified "applicable state laws" and she has not identified any particular cause of action or set out the would-be state law claim in a separate count. This pleading falls short of the minimum requirements of Twombly and Iqbal. See Twombly, 550 U.S. at 570 (requiring "enough facts to state a claim to relief that is plausible on its face"); Iqbal, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (citation omitted)).

Even if plaintiff had sufficiently pleaded a state claim for medical malpractice, it would be dismissed for failure to comply with 735 ILCS 5/2-622. In any action in Illinois in which a plaintiff seeks damages for injuries by reason of medical malpractice, the plaintiff

> must attach to his complaint either (1) an affidavit confirming that he has reviewed the facts of the case with a health care professional and that the professional believes that there is a reasonable and meritorious cause for the filing of such action, as well as a copy of the professional's written report on the case, or (2) an affidavit stating an acceptable reason why such an opinion and report could not be obtained.

Hahn v. Walsh, 762 F.3d 617, 628 (7th Cir. 2014); 735 ILCS 5/2-622(a). Plaintiff "concedes [she] did not file a 2-622 Certificate of Merit," but argues, citing Hahn, that "this is not a defect that would warrant dismissal with prejudice." To the contrary, after reviewing the requirements of 735 ILCS 5/2-622 and Federal Rules of Civil Procedure (8) and (11), the Court in Hahn held that "the district court properly dismissed the plaintiffs' . . . claim against HPL because the plaintiffs had failed to attach the required affidavit and report." Hahn, 762 F.3d at 633. Accordingly, plaintiff's state law claims are dismissed for failing to comply with 735 ILCS 5/2-622.

### III. CONCLUSION

For the above reasons, defendant's motion to dismiss is granted. This case is closed.

Date: 4/24/2018                                   ENTER:

                                                                                  FREDERICK J. KAPALA

                                                                                  District Judge